# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Michael G. Williams ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Capital Alliance Financial, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Stenger & Stenger, P.C. ) | |
|     2618 East Paris Avenue SE ) | |
|     Grand Rapids, MI 49546 ) | |
| ) | |

## COMPLAINT

### INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

    2.    Defendant Capital Alliance Financial, LLC ("Capital Alliance") filed suit against Plaintiff Michael Williams in Scott District Court to collect a debt from Mr. Williams. Mr. Williams, *pro se*, filed a timely request for production of documents with the Scott Circuit Court Clerk and served the requests on Capital Alliance's counsel. Despite being on clear notice that Mr. Williams had appeared in the action, Capital Alliance moved for default judgment against Mr. Williams. The motion for default was a clear and plain attempt to collect a debt from Mr. Williams through a method not permitted by law.

### JURISDICTION

    3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

    4.    Plaintiff Michael Williams is a natural person who resides in Scott County, Ky. Mr. Williams is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.      Defendant Capital Alliance Financial, LLC is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 4095 Embassy Drive SE, Grand Rapids, MI 49546.

6.      Capital Alliance regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7.      On March 10, 2014, Capital Alliance brought suit against Mr. Williams in Scott Circuit Court, Case No. 14-CI-00159, to collect a charged-off credit card debt from him that was allegedly originated by Citibank, N.A.

8.      Upon information and belief, the Citibank credit card debt at issue in the above case was used solely for personal, family, or household purposes, which makes the Citibank credit card debt a "debt" within the meaning of the FDCPA.

9.      Capital Alliance served Mr. Williams with a copy of the summons and complaint on March 14, 2014.

10.     Three days later on March 17, 2014, Mr. Williams *pro se* filed with the Scott Circuit Court Clerk and served on Capital Alliance's counsel timely discovery requests. These requests could have been and should have been considered and treated as an answer to the complaint.

11.     On August 25, 2014, Capital Alliance moved for default judgment against Mr. Williams despite the fact that Mr. Williams had clearly appeared in the action.

12.     Despite having been served with both a timely answer and discovery requests, Capital Alliance moved for default judgment against Mr. Williams. (A copy of Capital Alliance's motion for default judgment is attached as an exhibit.)

13.     Capital Alliance's motion for default falsely claims "[t]hat since service [of the summons and complaint], Plaintiff has received no answer, pleadings, papers, or any other documents from or on behalf of Defendant."

14.     Capital Alliance's motion for default includes a Default Judgment Certificate that falsely alleges that "[n]o papers have been served by the party in default upon the Plaintiff."

15.     Capital Alliance's default judgment motion greatly alarmed and upset Mr. Williams.

16.     Mr. Williams eventually contacted undersigned counsel, who filed a response and objection to the motion for default. In an abundance of caution, counsel also filed a motion for enlargement of time to file an answer and tendered an answer with the motion.

17. On October 1, 2015, the Scott Circuit Court denied Capital Alliance's motion for default judgment.

18. Capital Alliance's motion for default judgment was an attempt to collect a "debt" from Mr. Williams within the meaning of the FDCPA.

19. Because Mr. Williams had filed and served discovery on Capital Alliance, Capital Alliance had no legal right to ask for or receive a default judgment against Mr. Williams. Ky. R. Civ. P. 55.01 ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply to the court therefor."). Mr. Williams' discovery requests was clearly designed to challenge Capital Alliance's standing to bring suit and, hence, to defend in the action.

20. Because Mr. Williams defended and appeared in the state court action, Capital Alliance's motion for a default judgment and false representations in that motion constitute multiple violations of the FDCPA.

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

21. The foregoing acts and omissions of Capital Alliance Financial, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael G. Williams requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

-4-

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com